IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PORTER ANDERSON JR., #143295, Petitioner, | ) ) ) ) ) |
| v. | ) Civil Action No. 17-0161-WS-N ) |
| Karla Walker Jones[1], Respondent. | ) ) ) |

## REPORT AND RECOMMENDATION

Currently pending before this Court is *pro se* Petitioner, Porter Anderson Jr.'s, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 filed on April 27, 2017 (Doc. 5),[2] which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R) for appropriate action. For the reasons explained herein, it is recommended that Anderson's Petition (Doc. 5) be **DENIED** and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that Anderson be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] When Petitioner filed this action, he was incarcerated at Kilby Correctional Facility where Phyllis Billups is the warden. (Doc. 1). However, Anderson has since been transferred to Ventress Correctional Facility (Doc. 6) where Karla Walker Jones is the warden. The Court has corrected the docket to reflect Karla Walker Jones as the properly named Respondent.

[2] Petitioner initially filed his habeas petition on April 17, 2017 (Doc. 1), on an outdated form. This Court ordered Petitioner to re-file his petition on the correct form resulting in the current operative petition. (Doc. 5).

1

The record before this Court reflects that on February 27, 1986, Petitioner was convicted in Mobile County Circuit Court of Second Degree Robbery after entering a guilty plea. (Doc. 5 at 2). He was sentenced to life imprisonment. (*Id*.) According to Anderson, following his conviction, his counsel filed a "no merit brief" ostensibly in compliance with *Anders v. California*, 386 U.S. 738 (1967). (*Id*. at 3). In 1986, Anderson filed a Rule 20 petition, which was denied the same year and no appeal was taken from that denial. (Doc. 5 at 4-5). On December 16, 1987, Anderson filed a second Rule 20 petition, which was denied on January 14, 1988, and affirmed on appeal on May 11, 1988. (*Id*.) On December 8, 1989, Anderson filed a third Rule 20 petition which was denied on February 9, 1990, and affirmed on appeal on June 15, 1990. (*Id*.) Anderson's § 2254 petition states that he does not know the grounds raised in any of his Rule 20 petitions. (*Id*.)

On April 17, 2017, Anderson filed his initial habeas petition (Doc. 1) which has been superseded by the instant petition (Doc. 5). Petitioner identifies the grounds on which habeas relief is due, as follows: (1) violation of his right to adequate counsel, (2) violation of due process[3], and (3) denial of constitutional right to appeal. (Doc. 5 at 6-11). In response to Paragraph 19, Petitioner states his claim is not time-barred because "I have a long history of "chronic" and severe schizophrenia/PTSD and I have been kept incapcitated [sic] on Haldol, Prolixin, ect [sic] and not mentally capable of understanding how to file myself." (Doc. 5 at 13).

---

[3] Anderson asserts additional violations of due process for grounds four through six.

After conducting an initial review of the petition, this Court ordered Anderson to show cause as to why his petition was not time-barred. (Doc. 9).[4] On July 27, 2016, Anderson filed a Response (Doc. 10).[5] In his Response, Anderson raises two grounds for tolling (1) that he has been mentally incapacitated and (2) that he is actually innocent. (*Id.*)

## II. DISCUSSION

Through his § 2254 petition, Petitioner alleges that his conviction should be vacated or his sentence reduced. (Doc. 5). The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The statute specifically provides as follows:

---

[4] "Once a petition is properly filed, the judge assigned to the case 'must promptly examine it,' and '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.'" *Reed v. Bender*, 2015 WL 1640290, *3 (N.D. Ala. April 9, 2015) (citing Rule 4, *Rules Governing Habeas Cases Under § 2254)*. Further, while district courts are not obligated to do so, they are permitted to consider, *sua sponte*, the timeliness of a § 2254 petition, either during or after the pre-answer, initial screening stage of the proceeding, provided the petitioner is afforded fair notice and an opportunity to respond prior to dismissal on such ground. *Day v. McDonough*, 547 U.S. 198, 207-10 (2006).

[5] Plaintiff's Response also has a subheading entitled "Motion to Amend the Habeas Petition" seeking to amend his petition (Doc. 5) to include a claim of actual innocence. However, actual innocence is not an independent habeas claim and, therefore, amendment would be futile. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993) (holding that no federal habeas relief is available for freestanding, non-capital claims of actual innocence); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) (same). However, the undersigned construes Anderson to be asserting a claim of actual innocence so as to justify the tolling of the relevant AEDPA statute of limitations period and the same will be discussed herein below.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a defendant convicted in state court fails to pursue any direct appeal, his conviction is considered "final" for purposes of § 2244(d)(1)(A) when the time lapses under state law for the defendant to have filed an appeal; in Alabama, the time to appeal is forty-two (42) days after entry of the final judgment. *McCloud v. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009); *see also* Ala. R. App. P. 4(b)(1). Further, if a prisoner's conviction became final prior to the effective date of AEDPA (April 24, 1996), then any § 2254 petition relating to heir conviction must be filed no later that April 23, 1997. *See Johnson v. U.S.*, 340 F.3d 1219, 1226 (11th Cir. 2003)(citing *Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999)).

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling.

*Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Statutory tolling arises from 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). "However, the pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." *Roby v. Mitchem*, No. 11-2197, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) (citing *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *see McCloud*, 560 F.3d at 1227.

Because Anderson's conviction became final prior to the effective date of AEDPA, the one-year statute of limitations began to run on April 24, 1996. According to his § 2254 petition, Anderson did not file any post conviction motions which could have ostensibly tolled the running of the statute of limitations to file a habeas petition after December 1989, the stated date of his last Rule 20 petition which was denied in 1990. Therefore, the time for Anderson to file a habeas petition lapsed on April 24, 1997, approximately twenty years before Anderson filed the subject petition.

However, the Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United*

5

> *States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

*Powe v. Culliver*, 205 Fed.Appx. 729, 732 (11th Cir. Sept. 19, 2006). As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Anderson asserts that he is entitled to equitable tolling because he was mentally incompetent to file a timely § 2254 petition. In this Court's previous Order (Doc. 6), Anderson was cautioned that a habeas petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *Smith v. Jones*, 2016 WL 791491 at *2, (M.D. Ala. February 2, 2016) (*citing Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000). A petitioner's mental incapacity, however, may

6

support a request for equitable tolling if the petitioner establishes a causal connection between his alleged mental incapacity and his ability to timely file his petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). To prevail on such a claim, a petitioner is required to establish that a mental impairment "prevented him from understanding his rights and obligations under AEDPA and acting upon them in a timely fashion." *Hunter v. Ferrell*, 587 F.3d 1304, 1309 (11th Cir. 2009). Finally, a petitioner with a mental impairment must also demonstrate that he acted with "an appropriate degree of diligence for someone in his situation." *Booth v. Thomas*, 2015 WL 400662, *8 (N.D. Ala. January 28, 2015) (*citing Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) (*quoting Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)).

This Court's previous Order, informed Anderson that his petition had only asserted in a conclusory manner that he had been incapacitated and, therefore, did not establish that his alleged mental illness warranted equitable tolling. On numerous occasions in Anderson's Response, he states that he suffers from Schizophrenia and Post Traumatic Stress Disorder, but he offers no evidence of his mental incompetence and no factual support which would potentially link his alleged mental incompetence to his untimely filing of the subject § 2254 petition. Instead, Plaintiff's response points out that in 1986, Anderson was found competent to stand trial and, thereafter, entered a guilty plea. (Doc. 10 at 3-4). Moreover, while Plaintiff requests

7

that this Court expand the record, those documents which Plaintiff seeks to be reviewed are all documents from 1983-86 and pre-date or coincide with the finding that Plaintiff was mentally competent to stand trial. (Doc. 10, generally). Further, Plaintiff, despite being specifically Ordered to do so, makes no effort to describe his medical state or treatment following his conviction, i.e., during the time when the AEDPA statute of limitations was was running, and made no comment as to how his illness prevented him from timely filing his petition. As a result, Anderson has not met his burden to establish a causal connection between his alleged mental incapacity and his ability to timely file his petition or that he acted with "an appropriate degree of diligence for someone in his situation". See *Lawrence*, 421 F.3d at 1226–27; *Booth*, 2015 WL 400662 at *8.

Further, this Court ordered Anderson to specify whether or not he was asserting the actual innocence exception to his § 2254 petition and, if so, his support for such an assertion. Plaintiff was "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995). *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) ("*McQuiggin* hold[s] 'that there is an 'equitable exception' to the statute of limitations applicable

8

to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id*. at 1931, 1933 (alteration and quotation marks omitted)." "The test devised in *Schlup* is intended to 'ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." *Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished) (citing *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted).

Anderson was forewarned that a plain reading of his petition did not satisfy the threshold requirement for tolling the statute of limitations based on an actual innocence claim.

The majority of Anderson's Response focuses on his actual innocence claim and urges that justice requires the tolling of the AEDPA statute of limitations. Anderson memorializes his guilty plea, conviction, and sentence in detail (Doc. 10 at 2-6). Thereafter Anderson "pleads with the Court to order an expansion of the habeas record because once the record is expanded with material from the veteran's Administration, the District Attorney's Investigative File, and the Psychiatric – Medical File from Taylor Harden Secure Medical Facility then the Honorable U.S. District Court will see first just how severely mentally ill the Petitioner was at the time of the offense[6]

---

[6] While this Court has already determined that Anderson did not sufficiently establish that his mental illness was causally related to the filing of his delayed petition, it is worth noting

9

and two, how the Mobile County District Attorney's Assistant Prosecutor intentionally withheld exculpatory evidence of the actual innocence of the Petitioner." (*Id*. at 6). Anderson argues that a review of the specified documents would show that he is actually innocent. More specifically, the Veteran's Administration file and the Forensic Psychiatric Medical file would show his care and treatment for Schizophrenia and PTSD from 1983-85 and the investigative file would contain the relevant police statements, witness statements, and evidence relating to the crime scene. (*Id*. at 9-12). Anderson further asserts that a review of these documents would "show that there really is no credible evidence linking the Petitioner with the commission of the crime". (*Id*. at 14). Anderson goes on to state that the only reason he pled guilty was because he "Was so extremely intoxicated on Anti-Psychotic Medication that there is no way medically or psychiatrically Anderson could have knowingly, intelligently, or voluntarily of his own accord entered cognizantly [sic] to a plea of guilty to a crime he had no part in […]". [7](*Id*. at 18).

Anderson does not indicate what evidence within these documents will prove his innocence. Instead, he repeatedly states that prior to entering his

---

that Anderson's response describes the events from 1983-86 with seamless clarity, the ability of which would contradict Anderson's position that he was so severely ill and/or medicated as to be incompetent to enter a plea or challenge his conviction.

[7] As discussed herein above, Anderson did not establish a connection between his alleged mental illness and the untimely filing of the subject petition. Nevertheless, it is worth noting that Anderson describes the events from 1983-86 leading up to his arrest and conviction, including the details of his court hearings, with detailed clarity. The ability to recall such details after more than thirty years strongly contradicts that Anderson was heavily medicated or so severely ill that he could not have knowingly entered a plea of guilty.

10

plea, the State did not give the defense the investigative files and that the State was able to obtain the cooperation of the only witness (and co-defendant) to Plaintiff's involvement in the underlying crime only by offering her a plea deal. Even if Anderson is correct, he has failed to show any new evidence of his innocence. To the contrary, Plaintiff seeks only to have this Court review the evidence related to the crime for which he pled guilty and determine that he either should not have been indicted or charged based on a lack of evidence or because he was incompetent to commit the crime. It is not the role of this Court to reweigh the evidence in Anderson's initial conviction and sentence. Rather, this Court is task with determining whether Anderson has presented new and extraordinary facts or circumstances which warrant the tolling of the AEDPA statute of limitations such that his petition should be considered. In this case, Anderson has not persuaded this Court, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. As a result, Anderson has not met the threshold requirement for tolling the statute of limitations based on an actual innocence claim.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV.  CONCLUSION

Anderson's habeas corpus petition was filed beyond the one-year AEDPA limitations period in violation of 28 U.S.C. § 2244(d).  Further, Petitioner has not established any "extraordinary circumstance" which prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). As a result, the claims and petition brought by Petitioner are barred by the AEDPA statute of limitations.  Therefore, it is recommended that Anderson's Petition (Doc. 5) be **DENIED** and that this action be **DISMISSED**.  The undersigned further **RECOMMENDS** that Robinson be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## V. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of

this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of August 2017.

          */s/ Katherine P. Nelson*
          **KATHERINE P. NELSON**
          **UNITED STATES MAGISTRATE JUDGE**